PARKER-MAYFLOWER DAIRY COMPANY *v.* COLLIE.

4-9782                                               248 S. W. 2d 104

Opinion delivered April 28, 1952.

*F. W. A. Eiermann,* for appellant.

*E. M. Arnold,* for appellee.

GEORGE ROSE SMITH, J. The appellant and the appellees are respectively the owners of two adjacent city lots, both of which are zoned for light industrial use under the Little Rock zoning ordinance. For some time before this suit was filed each lot was occupied by a commercial building, set back at some distance from the street which abuts both lots. In September of 1951 the appellees

brought this suit to enjoin the appellant from constructing what the appellees contend will be a separate and additional building between the appellant's original building and the street. The appellant's defense is that the proposed construction will be not a separate building but merely an addition to the existing structure. The zoning ordinance provides that only one building may be placed upon a single lot, but it does not prohibit the enlargement of existing buildings. The chancellor, finding that the proposed construction would violate the ordinance, granted the relief sought by the plaintiffs.

The ordinance defines a building as: "A structure having a roof supported by columns or walls, and when separated by a division wall without openings, each portion of such building shall be deemed a separate building." The evidence supports the chancellor's conclusion that the appellant's proposed construction would be a separate building as defined by the ordinance.

The testimony and the photographs of the construction in progress show that the appellant is erecting a small frame building that will be from five to eight feet in front of the main building. The two structures will be connected in two ways: (a) Each rests upon a concrete slab foundation, and a concrete walkway has been poured to join the two foundations; and (b) each has a roof with wide eaves, and the two roofs will be joined above the walkway. Thus there will be a space of several feet between the wall of the old building and that of the new. Although it is contended by the appellant that the two structures will be "completely joined," the appellant's building contractor testified that only the foundations and the roofs will be connected. The appellant's vice-president testified: "The roof of the old building . . . would meet the roof of the new building were they at the same height. The walls would be approximately five feet apart but the roofs would be together." There is in the record an architect's plan which indicates that what we have called a walkway will be enclosed by walls to provide storage space for the tenant in the new building, but even this plan does not indicate that there will be in

the division wall an opening to permit passage from the new building to the old. Such an opening is required by the definition we have quoted. The chancellor correctly held that the appellant's plan violates the ordinance.

It is also argued that the appellees should have exhausted their administrative remedy before resorting to the courts. It is shown that the city's Board of Adjustment refused to permit the appellant to erect a separate building on its lot. Nevertheless the city engineer issued a building permit for the proposed construction, and it is now contended that the appellees' remedy was to appeal to the Board of Adjustment. On the record made below we cannot sustain this contention. The ordinance provides that any person aggrieved by a decision of the "Building Commissioner" may appeal to the Board. This record shows that the city engineer issued a building permit, but there is nothing to indicate that he is also the Building Commissioner or that any administrative remedy has been provided for a review of the city engineer's decisions.

Affirmed.